**NOT FOR PRINTED PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| GEORGE VOGEL | § | |
| VS. | § | CIVIL ACTION NO. 9:16-CV-198 |
| LORIE DAVIS, ET AL. | § | |

## MEMORANDUM OPINION

Plaintiff George Vogel, a prisoner previously confined at the Polunsky Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against Lorie Davis, Law Library Supervisor McKee, Security Captain Stringer, Warden Muniz, Assistant Regional Director Matt Gross, Kitchen Captain Brown, Captain Smith, Lieutenant Smith, Lieutenant Newberry, Sergeant Logan, Sergeant Burleson, Captain Miller, Officer Martin, Officer Collins, Officer Gibbs, Officer Dykstra, Officer Brown, Officer S. Michael, Dr. Keraby, and unidentified defendants.[1]

---

[1] Plaintiff identified a number of other defendants in his first amended complaint, but he did not explain how those defendants were personally involved in violating his constitutional rights. Because the factual allegations in his first amended complaint were too vague for the defendants to reasonably respond, plaintiff was given the opportunity to develop the facts of his complaint by filing an amended pleading in response to questions in a questionnaire. *See Watson v. Ault,* 525 F.2d 886 (5th Cir. 1976). Plaintiff was ordered to explain how each named defendant was personally involved in depriving plaintiff of his constitutional rights. Plaintiff has not alleged any facts, in any of his pleadings, regarding defendants Warden Simmons, Captain Stern, Officer Rice, Officer Sullivan, Officer S. Gilbert, Senthil Koneswaran, and Mitchael Flowers. Therefore, the claims against those defendants must be dismissed for failure to state a claim. *See Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986) (holding that the plaintiff must enunciate a set of facts that illustrate the defendant's participation in the alleged wrong to successfully plead a cause of action in a civil rights case).

Factual Background

Plaintiff alleges he filed, or attempted to file, many grievances during the time he was confined at the Polunsky Unit. Plaintiff alleges defendants McKee, Muniz, Gross, Martin, Burleson, Smith, and Miller failed to properly process, investigate, or respond to his grievances. Plaintiff also contends the defendants did not handle the grievances in accordance with prison policies.

Plaintiff alleges multiple defendants interfered with his right to access the courts on "various dates between March 2014 and Spring 2015," including one missed law library session on October 3, 2014. Plaintiff alleges he missed several law library sessions because other inmates took the folder that inmates used to sign up for law library sessions. Plaintiff alleges defendants Muniz, Gross, Smith, Miller, Stringer, Martin, Collins, Michael, Brown, Newberry, Trimble, and unidentified defendants failed to ensure that the law library folder was in the proper location and accessible to plaintiff. Plaintiff contends that, on some occasions, he had to choose between attending law library sessions or other prison activities, such as religious services, medical appointments, educational classes, and meals. Plaintiff alleges defendant McKee failed to respond to plaintiff's complaints that correctional officers caused him to miss some law library sessions, failed to provide plaintiff with legal materials when the unit was on lockdown, and denied plaintiff's requests for additional time in the law library. Plaintiff contends the law library lacked resources. Finally, plaintiff contends that he is not permitted to use the restroom while he is in the law library.

On March 17, and 18, 2016, plaintiff alleges defendant Dykstra, Gibbs, and Logan housed him in a cell with a water leak and periodic electrical outages. Plaintiff alleges that he used a medical device while he slept, and, due to the conditions in his cell, he was unable to sleep for one night.

On March 30, 2016, plaintiff alleges he was housed with an inmate who was ill. Plaintiff alleges he was exposed to the inmate's bodily fluids, and he was forced to clean the cell.

On some occasions, plaintiff alleges the kitchen staff failed to prove him with clean trays, cups, and utensils. Plaintiff contends he was sick on several occasions, and he believes his illnesses were caused by unsanitary kitchen practices. Plaintiff alleges he complained, but defendants Smith, Stringer, and a warden failed to rectify the situation.

Plaintiff alleges he injured, and possibly fractured, his toe in July 2016. On October 2, 2016, plaintiff alleges he was in pain, and the security staff denied him access to an over-the-counter pain reliever for his injured toe.

Plaintiff alleges his mail has been mishandled. Plaintiff contends that prison employees are not following prison policies concerning the processing of mail. Plaintiff alleges his legal mail has been opened, other inmates have delivered his legal mail to him, and his mail has been delivered to other inmates. Plaintiff also contends his outgoing mail has been lost or delayed.

Plaintiff alleges he filled out forms to add family members and friends to his visitors list in 2014 and 2015. Plaintiff alleges he placed the forms in the prison mail, but his visitors list was not updated in accordance with prison policy.

Plaintiff alleges he did not receive medical treatment from February 2016, until January 2017. Plaintiff alleges he was unable to see a physician, and his medications expired and were not refilled. Plaintiff also alleges that he requested eyeglasses in 2014, but he did not receive them until 2017.

Plaintiff alleges that he was denied due process multiple times between 2014 and 2017, when his property was confiscated and destroyed by correctional officers who did not follow the proper procedures for taking such actions.

Finally, plaintiff contends that unidentified correctional officers disturb his sleep by slamming doors, yelling, and waking him up to give him lay-in slips for his next day's activities.

## Standard of Review

An *in forma pauperis* proceeding may be dismissed pursuant to 28 U.S.C. § 1915(e) if it: (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted or (3) seeks monetary relief from a defendant who is immune from such relief.

A complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or fact. *Neitzke v. Williams,* 490 U.S. 319, 325 (1989); *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997). A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory. *See Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

A complaint does not need detailed factual allegations, but the plaintiff must allege sufficient facts to show more than a speculative right to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Dismissal for failure to state a claim is appropriate if the complaint does not include enough facts to state a claim that is plausible on its face. *Id.* at 570. Conclusory allegations and a formulaic recitation of the elements of a cause of action will not suffice to prevent dismissal for failure to state a claim. *Id.* at 555.

## Analysis

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, causes a person to be deprived of a federally-protected constitutional right. *Gomez*

*v.Toledo*, 446 U.S. 635, 640 (1980); *Phillips v. Monroe County*, 311 F.3d 369, 373 (5th Cir. 2002).

Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom or usage, of any state . . . subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws shall be liable to the party injured . . . .

42 U.S.C. § 1983.

In order to state a cause of action under § 1983, a plaintiff must allege two elements. "First, the Plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of that right acted under color of state or territorial law." *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

*Inadequate Grievance Review*

Plaintiff complains that he filed grievances that were not processed, investigated, or resolved properly. However, an inmate does not have a protected liberty interest in having his complaints resolved to his satisfaction. *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005). Therefore, the complaints concerning the manner in which his grievances were handled or resolved are frivolous and fail to state a claim.

*Access to Courts*

Plaintiff alleges he had issues access to the law library and legal materials. Plaintiff also contends that prison officials opened his legal mail, and they allowed other inmates to deliver and view the mail.

Prisoners have a right to access to the courts protected by the First Amendment right to petition for redress of grievances, and the Fourteenth Amendment guarantees of procedural and

substantive due process. *Bounds v. Smith*, 430 U.S. 817, 828 (1977); *Jackson v. Procunier*, 789 F.2d 307, 310 (5th Cir. 1986). This right can be satisfied through appointed counsel, access to a law library, or access to legally trained paraprofessionals. *Bounds*, 430 U.S. at 830-31. However, *Bounds* "does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims." *Lewis v. Casey*, 518 U.S. 343, 355 (1996). Rather, the right of access to the courts requires that inmates be allowed a reasonably adequate opportunity to file non-frivolous cases challenging their convictions and the conditions of their confinement. *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999). "Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Lewis*, 518 U.S. at 355. In order to recover for a denial of access to the courts, an inmate must show that "an actionable claim [involving a challenge to a sentence or conditions of confinement] which he desired to bring has been lost or rejected, or that the presentation of such a claim is currently being prevented . . . ." *Id.* at 356; *see also Woodard v. Andrus*, 419 F.3d 348, 354 (5th Cir. 2005) (affirming dismissal of access to courts claim because plaintiff did not show that the defendant's actions delayed her ability, or deprived her of her right, to avail herself of the legal process).

Plaintiff alleges he was working on a variety of legal matters, but he has not demonstrated that the loss of his legal materials prevented him from pursuing a non-frivolous claim concerning his criminal prosecution or the conditions of confinement. Therefore, he has failed to state a claim that he was denied access to the courts.

*Conditions of Confinement*

Plaintiff contends he was subjected to cruel and unusual conditions of confinement when: (1) he was housed in a cell that did not allow his medical device to operate, (2) he was exposed to bodily fluids when his cell mate was sick, (3) there were dirty trays, cups, and utensils in the kitchen, (4) correctional officers made loud noises and disturbed plaintiff's sleep, and (5) he was not permitted to go to the restroom when he was in the law library.

"The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Gates v. Cook*, 376 F.3d 323, 332 (5th Cir. 2004). The Eighth Amendment's prohibition against cruel and unusual punishment requires that the conditions of confinement are humane and that inmates receive adequate food, shelter, clothing and medical care. *Herman v. Holiday*, 238 F.3d 660, 664 (5th Cir. 2001).

With respect to claims concerning prison conditions, the court must consider whether society considers the risk of harm to be so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk. *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). The deprivation must be so serious as to "deprive prisoners of the minimal civilized measures of life's necessities," as when it denies the prisoner some basic human need. *Wilson v. Seiter*, 501 U.S. 294, 304 (1991); *Gates*, 376 F.3d at 332-33. In addition to demonstrating that the alleged deprivation is sufficiently serious, the plaintiff must show that the defendant possessed a sufficiently culpable state of mind. *Herman*, 238 F.3d at 664. A prison official cannot be found liable under the Eighth Amendment unless the official knows of, and disregards, an excessive risk to an inmate's health or safety. *Farmer v. Brennan,* 511 U.S. 825, 840-41 (1994).

Plaintiff's allegations do not allege the deprivation of a life necessity. Further, he has failed to show that the defendants acted with deliberate indifference to his health or safety. Isolated events do not amount to unconstitutional conditions of confinement. *Cardena v. El Paso County*, 946 F.3d 717, 728 (5th Cir. 2020). Thus, plaintiff's claims that the conditions of his confinement violated his constitutional rights should be dismissed as frivolous and for failure to state a claim.

*Deliberate Indifference to Serious Medical Needs*

Plaintiff alleges he was denied adequate medical treatment on October 2, 2016, when he was not provided with over-the-counter pain medication. Plaintiff also alleges he was denied prescription medication, eyeglasses, and dental care.

Although the Eighth Amendment does not explicitly mandate a certain level of medical care for prisoners, the cruel and unusual punishment clause has been interpreted to impose a duty on prison officials to provide inmates with adequate food, clothing, shelter, and medical care. *Farmer*, 511 U.S. at 832; *Stewart v. Murphy*, 174 F.3d 530, 533 (5th Cir. 1999). A prison official's deliberate indifference to the serious medical needs of a prisoner constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment, whether the indifference is manifested by prison doctors or by prison guards. *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976); *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 754 (5th Cir. 2001). Medical records of sick calls, examinations, diagnoses, and medications may rebut an inmate's allegations of deliberate indifference. *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995). Mere negligence, neglect, or medical malpractice does not rise to the level of a constitutional violation. *Domino*, 239 F.3d at 756 ("It is indisputable that an incorrect diagnosis by prison medical personnel does not suffice to state a claim for deliberate indifference."); *Hall v. Thomas*, 190 F.3d 693, 697 (5th Cir. 1999)

("[A]llegations of malpractice or negligence will never state a claim under the Eighth Amendment."); *Stewart*, 174 F.3d at 534. Nor does an inmate's disagreement with his medical treatment amount to an Eighth Amendment violation. *Stewart*, 174 F.3d at 537; *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997). "Rather, the plaintiff must show that the officials 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'" *Domino*, 239 F.3d at 756 (quoting *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985) ).

Plaintiff's claim that he was unable to obtain over-the-counter pain medication for one day, several months after he injured his toe, does not rise to the level of egregious intentional conduct required to satisfy the deliberate indifference standard. *See Gobert v. Caldwell*, 463 F.3d 339, 351 (5th Cir. 2006). Plaintiff's claims that he was denied eyeglasses, prescription medication, and dental treatment for extended periods of time are serious and troubling. However, despite being given the opportunity to develop the facts of those claims, plaintiff failed to allege facts as to which defendants took specific actions that violated his constitutional rights. Plaintiff's conclusory allegations that his rights were violated is insufficient to demonstrate prison officials were deliberately indifferent to his serious medical needs.

*Interference With Mail*

Plaintiff contends that his First Amendment rights were violated when his outgoing mail was lost or delayed. A prison official's interference with a prisoner's mail may violate the prisoner's First Amendment right to free speech. *Brewer v. Wilkinson*, 3 F.3d 816, 820 (5th Cir. 1993). Although the precise contours of a prisoner's right to free speech are unclear, prisoners do retain those rights which are not inconsistent with their status as prisoners or with legitimate penological

objectives. *Id*. at 821 (citing *Hudson v. Palmer*, 468 U.S. 517, 523 (1984)). Prison practices that impinge upon a prisoner's rights with respect to mail must be reasonably related to a legitimate penological interest. *Morgan v. Quarterman*, 570 F.3d 663, 666 (5th Cir. 2009).

In this case, plaintiff does not allege that his outgoing mail was intercepted by prison officials due to a prison policy. Rather, he alleges there were isolated instances of outgoing mail that was lost or delayed by unknown people over a lengthy period of time. Conclusory statements that mail was sent from the prison but not received by the addressees are insufficient to demonstrate a violation of the First Amendment. *Damm v. Cooper*, 288 F. App'x 130, 2008 WL 2705651, at *2 (5th Cir. 2008).

*Deprivation of Property*

Plaintiff contends his property was improperly confiscated and destroyed by correctional officers. A claim of deprivation of property by persons acting under color of state law may be cognizable in § 1983 litigation under the Due Process Clause of the Fourteenth Amendment. However, where the deprivation was random and unauthorized, and the state has an adequate post-deprivation tort remedy, due process is satisfied. *Hudson v. Palmer,* 468 U.S. 517 (1984) (holding that the due process clause is not violated when a state employee intentionally deprives an individual of property where the state has a meaningful post-deprivation remedy); *Parratt v. Taylor,* 451 U.S. 527 (1981) (finding no due process violation when a state employee negligently deprives an individual of property if the state provides a post-deprivation remedy), *overruled in part on other grounds, Daniels v. Williams,* 474 U.S. 327 (1986); *see also Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005) (concluding that plaintiff failed to state a claim regardless of whether the deprivation of property was the result of negligence or intentional misconduct); *Murphy v. Collins*, 26 F.3d 541,

543-44 (5th Cir. 1994) (noting that deprivations of property caused by the misconduct of state officials do not violate constitutional due process, provided adequate state post-deprivation remedies exist).

In this case, plaintiff alleges the deprivations of his property were random and unauthorized. The Texas tort of conversion provides an adequate post-deprivation remedy. *Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009). As a result, plaintiff has failed to state a constitutional claim for the deprivations of his property.

*Violations of Prison Policy*

Finally, plaintiff contends that prison officials violated multiple prison policies. However, the failure of prison officials to follow prison policies does not rise to the level of a constitutional violation. *McFaul v. Valenzuela*, 684 F.3d 564, 579 (5th Cir. 2012).

## Conclusion

This civil rights action should be dismissed pursuant to 28 U.S.C. § 1915(e) as frivolous and for failure to state a claim upon which relief may be granted. A final judgment will be entered in accordance with this Memorandum Opinion.

So **ORDERED** and **SIGNED** March 22, 2020.

_____
Ron Clark, Senior District Judge